UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| MICHAEL TOWNSEND, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 24-310-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| POWELL COUNTY FISCAL COURT, | ) | **MEMORANDUM OPINION** |
| et al., | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Michael Townsend alleges that Defendants Powell County Fiscal Court, Edward Barnes, Dale Allen, and Michael Lockard retaliated against him for filing a Title VII claim regarding his previous employment with the City of Stanton ("Stanton").[1]   More specifically, he alleges the defendants' actions barring him from performing his duties as an employee of the Powell County Sheriff's office violated his rights under Title VII of the Civil Rights Act of 1964 and the Kentucky Civil Rights Act ("KCRA").   He further claims that the defendants interfered with his ability to seek new employment and argues that he is entitled to punitive damages.   The matter is currently pending for consideration of a motion to dismiss filed by the defendants.   [Record No. 4]  For reasons explained below, the defendants' motion will be granted in part and denied in part.

---

[1] The defendants are the Powell County Fiscal Court, a government entity in Kentucky with the county seat located in Stanton; Dale Allen, the former Mayor of the City of Stanton and current Deputy Judge Executive of Powell County; Edward Barnes, the Judge Executive and Special Deputy for the Powell County Sheriff's Department; and Michael Lockard, the Chief Court Security Officer and Special Deputy for the Powell County Sheriff's Department.

# I.

Townsend was employed by Stanton as a part-time School Resource Officer ("SRO"). He is in his sixties and is a disabled veteran. At the end of the contract under which Townsend was hired to work as an SRO, Stanton decided to hire two full-time SROs and eliminated the part-time position Townsend held previously. Townsend was not considered for one of the two new full-time SRO positions. Instead, the city hired a deputy who was not trained or certified as an SRO and left the other position open to be filled by younger deputies on an as-needed basis. Townsend informed the city that he was willing to work full-time and applied for the full-time SRO position before the city made these decisions. However, Stanton did not consider him for the position.

After leaving his job with Stanton, Townsend began working with the Powell County Sheriff's Department on March 6, 2023. Shortly thereafter, he advised the Sheriff's Department that he was considering filing suit against Stanton in response to what he believed were discriminatory motives in deciding not to hire him for the full-time SRO position. Townsend first filed a complaint with the EEOC and the EEOC issued a right to sue letter on July 13, 2023. On October 11, 2023, Townsend filed suit, alleging that the city violated his rights under Title VII of the Civil Rights Act for age and disability discrimination.

While Townsend was employed with the sheriff's department, he regularly informed and updated his supervisors about the status of his pending litigation against Stanton. Townsend alleges that throughout the course of his employment with the sheriff's department, he was regularly questioned about the status of his charges against the city and his pending

claims.    He also notes that during his employment, he was excluded from certain opportunities.[2]

Townsend contends that when he filed suit against Stanton, Powell County constructively fired him.  [Record No. 7 at p. 2]  Although his employment was never formally terminated, he claims that he was removed from the work schedule even though the "County operates short-handed."    [Record No. 1 at p. 20-21] Townsend asserts that despite the Administrative Office of the Courts paying for five officers to staff the courthouse, the Chief Security Officer would decline to schedule him for shifts, telling him it had a "full crew" even if it only had a few officers available to work.  [Record No. 1 at 22-23] Townsend also alleges that since filing suit against Stanton, he is the only officer who was not asked to work at special events and that other, less-qualified, officers have been given preferential treatment in scheduling over him.  Townsend filed a discrimination complaint against Powell County on May 1, 2024.  He asserts that, thereafter, the Sheriff's Department changed the locks to its building, and he was not given a new key while other employers were given keys. [Record No. 1 at 26-27]

Further, Townsend claims that a member of the Wolfe County School Board approached him on September 29, 2024, indicating that the district wanted to hire him as a SRO beginning on October 1, 2024.  The Wolfe County Sheriff called the Powell County Sheriff to inquire about Townsend's background and experience later that day. [Record No. 1

---

[2]  Townsend alleges that despite multiple requests, the sheriff's department would not add him to the "daily blotter" email report because of "confidentiality issue[s]."  [Record No. 1 at ¶ 14] He also alleges that he was the only officer who was not informed of opportunities to work events where officers were paid $30 per hour. [Record No. 1 at ¶ 16] Instead, he volunteered to work these events but was only paid his regular salary.  [Record No. 1 at ¶ 18]

at p. 29] Townsend believes the Powell County Sheriff gave him a negative reference.  [*Id.*] Finally, Townsend alleges that it appears he was the only Deputy Sheriff who was not informed of upcoming trainings and certification sessions which were to keep his certification to remain employed by the Powell County Sheriff's Department.

Townsend filed this action on October 28, 2024.  He alleges the defendants retaliated against him for engaging in protected activity in the form of filing a lawsuit against the City of Stanton in violation of Title VII and the KCRA, interfering with Townsend's business relationships and opportunities.  [Record No. 1] The defendants have moved to dismiss the three counts brought by Townsend as well as his claim for punitive damages.  [Record No. 4]

## II.

When addressing a motion to dismiss under Rule 12(b)(6), the court evaluates whether the complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  The plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (quoting *Twombly*, 550 U.S. at 556).  The Court must look to the substance of the entire complaint to determine if the claims are properly asserted and must be "construed so as to do justice."  Fed. R. Civ. P. 8(e).

While a complaint need not contain detailed factual allegations, a plaintiff must provide more than mere labels and conclusions, and "a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.  And although the plaintiff is not required to plead facts showing that the defendant is likely to be responsible for the harm alleged, he must demonstrate "more than a sheer possibility that a defendant has acted unlawfully."  *Iqbal*,

556 U.S. at 678.  The plaintiff must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. (citing *Twombly*, 550 U.S. at 555).  When reviewing a motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must "accept all of plaintiff's factual allegations as true and determine whether any set of facts consistent with the allegations would entitle the plaintiff to relief." *G.M. Eng'rs & Assoc., Inc. v. West Bloomfield Twp.*, 922 F.2d 328, 330 (6th Cir. 1990).

## III.

### A.

Before bringing a discrimination claim under Title VII, an employee must first file an administrative charge of discrimination against his employer with the EEOC.  *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 361-62 (6th Cir. 2010) (citing 42 U.S.C. § 2000e-5(e)(1)).  A complaint filed with the EEOC must be "sufficiently precise to identify the parties and describe generally the action or practices complained of." *Id.* at 361 (citing 29 C.F.R. § 1601.12(b)).  To satisfy the requirements of 29 C.F.R. § 1601.12(b), a charge or complaint must be (1) verified, (2) sufficiently identify the parties and actions complained of, and (3) suggest that the employee requests the agency to activate its machinery and remedial processes. *Williams v. CSX Transportation Co.*, 643 F.3d 502, 509 (6th Cir. 2011).

Townsend followed the administrative procedures necessary to obtain a right to sue letter.  Defendants rely on *Williams* in arguing that Townsend did not properly exhaust his administrative remedies, but the three requirements of *Williams* are satisfied because Townsend's EEOC complaint is verified and sufficiently identifies the three defendants as the parties, and the actions complained of are ones that suggest Townsend would be requesting the EEOC take remedial action.  For an EEOC complaint to be actionable, it must constitute a

charge. *Federal Express Corp. v. Holowecki*, 552 U.S. 389, 398 (2008). *Williams* makes clear that for a filing to be considered a charge, it "must be reasonably construed as a request for the agency to take remedial action to protect the employee's rights or otherwise settle a dispute between the employer and employee." *Williams*, 643 F.3d at 508 (*quoting Federal Express Corp.*, 552 U.S. at 402). This is a "permissive standard" that holds "a filing is a charge if an 'objective observer' would believe that the filing, 'taken as a whole,' suggests that the filer 'requests the agency to activate its machinery and remedial processes.'" *Id.* at 508-09.

Although Townsend's filing does not specify the relief requested, an objective observer would find that he is asking the EEOC to take action to stop discrimination against him. Townsend notes that he previously filed suit against Stanton for age and disability discrimination. He then specifies that the same individuals and individuals with close relationships to the officials he alleges engaged in discriminatory conduct against him while working for Stanton are doing the same regarding his new role with the Powell County Sheriff's Department. Specifically, he states:

> [the] Powell County Sheriff's Department retaliated against me by refusing to put me on the work schedule despite openings when others were absent and numerous vacancies existed due to the lack of personnel. Non-certified Officers were even used to work rather than putting me on the schedule or calling me into work.

[Record No. 8-1 at p. 1] Taken as a whole, an objective observer could find Townsend contacted the EEOC to notify them of the city's discriminatory actions and to seek assistance in being scheduled for work. Although his filing is less specific than the complainant's submission in *Williams*, taking it in its entirety, an objective observer could find that his purpose was not simply to inform the EEOC of the city's actions, but to seek recourse. As a result, the exhaustion requirement is met.

- 6 -

However, to the extent Townsend asserts Title VII claims against Defendants Barnes, Allen, and Lockard, those claims must be dismissed. Simply put, Title VII claims can only be asserted against one's "employer." *See* 42 U.S.C. § 2000e-3(a). To qualify as an employer under Title VII, one must be "a person who engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year. *Id.* While Barnes, Allen, and Lockard exercise supervisory authority over Townsend and other county employees, they do not meet Title VII's definition of "employer" because they do not employ anyone in their individual capacity.

Townsend also seeks to assert a claim under the Kentucky Civil Rights Act ("KCRA"). The KCRA contains language similar to the federal civil rights statutes and both Kentucky courts and the Sixth Circuit look to federal case law to interpret the KCRA. *See Hallahan v. The Courier-Journal*, 138 S.W.3d 699, 705-06 (Ky. Ct. App. 2004); *Henderson v. Ardco, Inc.*, 247 F.3d 645, 649-650 (6th Cir. 2001). However, the KCRA significantly differs in that it allows claims for retaliation against individuals under KRS § 344.280, which forbids retaliation by "a person," not just an employer. *Morris v. Oldam County Fiscal Court*, 201 F.3d 784, 794 (6th Cir. 2000).

To demonstrate a *prima facie* case of retaliation under the KCRA, the claimant must demonstrate that: (1) he engaged in protected activity; (2) the defendant knows of the protected activity; (3) the defendant took action that caused a materially adverse change in the terms and conditions of the plaintiff's employment; and (4) there is causal connection between the protected activity and adverse employment action. *Brooks v. Lexington-Fayette Urb. Cnty. Hous. Auth.*, 132 S.W.3d 790, 803 (Ky. 2004). Here, the defendants cite three reasons in support of their argument that Townsend fails to state a plausible claim under the KCRA. First,

they contend that Townsend has not alleged action by any defendant sufficient to make it plausible that he suffered any adverse employment actions. [Record No. 4-2 at p. 10] Second, the defendants argue that the plaintiff has not suffered a material change in the terms of his employment. *Id.* And third, the defendants assert that Townsend has not alleged that any defendant had knowledge of his protected activities. *Id.* However, taking the facts in the light most favorable to Townsend, he has alleged sufficient facts to survive the defendants' motion to dismiss his KCRA claim.

Townsend filed suit (a protected activity) against his former employer and has since allegedly endured several adverse employment consequences. An adverse employment action is any action which leads to "a materially adverse change in the terms of employment." *White v. Burlington N. & Santa Fe Ry. Co.*, 364 F.3d 789, 797 (6th Cir. 2004). Townsend alleges that he was locked out of the Sheriff's department, was not given the same opportunities to participate in overtime shifts and was not invited to training necessary to remain certified to perform his job duties. Dale Allen served as the Mayor of Stanton during Townsend's employment as an SRO and now serves as the Assistant Judge Executive for Powell County. [Record No. 1] Edward Barnes is Dale Allen's brother-in-law and serves as the Judge Executive of Powell County and shares administrative duties with Mr. Lockard. *Id.* Given Mr. Allen's previous role and his close relationship with the other individual defendants, there is at least circumstantial evidence that three individual defendants had knowledge of Townsend's protected activities and took action against him because of his suit.

And circumstantial evidence is enough to establish a prima facie case of retaliation. *Brooks*, 132 S.W.3d at 805. It is enough to demonstrate that "(1) the decision maker responsible for making the adverse decision was aware of the protected activity at the time that

the adverse decision was made, and (2) there is a close temporal relationship between the protected activity and the adverse action." *Id.* Both elements are satisfied with respect to all defendants, given how closely they worked with Allen and the impact of their actions on Townsend.

**B.**

Townsend also makes a claim for "tortious interference with business and relationships." To the extent Townsend seeks to bring this claim against Powell County, his claim will be dismissed as it is barred by the doctrine of sovereign immunity. In Kentucky, "[p]ure sovereign immunity, for the state itself, has long been the rule." *Comair, Inc. v. Lexington-Fayette Urban Cty. Airport Corp.*, 295 S.W.3d 91, 94 (Ky. 2009). "This absolute immunity extends to county governments, including consolidated city-county governments." *Bryant v. Louisville Metro Housing Auth.*, 568 S.W.3d 839, 845 (Ky. 2019). Sovereign immunity can only be waived by explicit statutory waiver, and there has been no such waiver of Kentucky's immunity for intentional torts. *Greene v. Commonwealth*, 349 S.W.3d 892, 905 (Ky. 2011). As a result, any tortious interference claims Townsend may have against Powell County are barred.

The individual defendants also contend that Townsend has not pleaded sufficient facts to establish any liability on their part for tortious interference with business relationships. To demonstrate such a prima facie claim, a plaintiff must show: (1) the existence of a valid business relationship or expectancy; (2) the defendant was aware of the relationship or expectancy; (3) the defendant intentionally interfered with the relationship or expectancy; (4) the motive for the interference was improper; (5) the interference was the cause of plaintiff's

damages; and (6) the plaintiff incurred special damages. *Halle v. Benner Indus. of N.E., Inc.*, 453 S.W.3d 179, 187 (Ky. Ct. App. 2014).

Defendants concede that Townsend can demonstrate that he had a valid business expectancy for a job offer from Wolfe County and that he was employed by the Powell County Sheriff. However, they argue that he cannot prove any other elements of the claim. They further contend that Townsend's Complaint simply recites legal conclusions "couched as factual allegations" such that the defendants knew about his relationship with Wolfe County and that Defendants "tortiously interfered with [his] business relationships and opportunities." [Record No 4-2 at p. 11-12]

Townsend responds the three defendants "blackballed him and adversely affected his ability to earn compensation as an employee of Powell County. [Record No. 7 at p. 8] He contends that his allegations pass muster under the Kentucky Rules of Civil Procedure, which he claims apply because this claim arises under state law. *See* Rule 8.01 of the Kentucky Rules of Civil Procedure; *see also Russell v. Johnson & Johnson, Inc.*, 610 S.W.3d 233, 240 (Ky. 2020) ("Kentucky is a notice pleading jurisdiction, where the central purpose of pleadings remains notice of claims and defenses.") However, federal courts apply federal procedural law to state law claims brought in federal court under 28 U.S.C. § 1367. *See Simmerman v. Ace Bayou Corp. Corp.*, 304 F.R.D. 516, 518 (E.D. Ky. 2015) ("federal district courts, including this Court, have consistently held that federal pleading requirements under Rule 8 and the *Twombly–Iqbal* standard apply to removed complaints, even where the state pleading standard is more lenient."); *see also Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938); *Stern v. Inter-Mountain Tel. Co.*, 226 F.2d 409 (6th Cir. 1955). Courts within the Sixth Circuit regularly apply federal pleading standards when evaluating motions to dismiss

- 10 -

state law claims. *Wilkey v. Hull*, 366 F. App'x 634, 637 (6th Cir. 2010). When a federal court exercises its supplemental jurisdiction over state law claims, "it is bound to apply the law of the forum state to the same extent as if it were exercising its diversity jurisdiction." *Super Sulky Inc. v. U.S. Trotting Ass'n*, 174 F.3d 733, 741 (6th Cir. 1999).

Under Rule 8 of the Federal Rules of Civil Procedure and the *Twombly–Iqbal* standard, Townsend is required to state a claim for relief that "is plausible on its face.'" *Iqbal*, 556 U.S. at 678. Defendants argue that it appears from the face of Townsend's Complaint that he has brought two claims: one for interference with his employment with Wolfe County and one for his employment with Powell County. In response, Townsend does not address any claims that may have been brought against defendants for interference with his potential employment with Wolfe County, so the Court will consider those claims abandoned. *See Bazinski v. JPMorgan Chase Bank, N.A.*, 597 F. App'x 379, 380-81 (6th Cir. 2015). Thus, the Court examines Townsend's claims for interference with Powell County.

Although Townsend can demonstrate that he was employed by the Powell County Sheriff, he offers no plausible support for the other elements of the claim. He incorrectly relies on Kentucky "notice pleading" standard for support that all that is needed is a bare-bones explanation of his claims. Defendants are correct that Townsend couches numerous elements and legal conclusions as factual allegations without offering any substance to show the claim is plausible. For example, Townsend has not provided any basis for his claim that the three individual defendants (Barnes, Allen, and Lockard) interfered with his business opportunity as a Powell County employee. There is simply nothing in the Complaint showing it is plausible that the three individuals took any action to interfere with Townend's employment opportunities.

- 11 -

Townsend notes that "the case is but in its infancy and Plaintiff has not yet had the opportunity to conduct either written discovery or depositions." [Record No. 7 at p. 8] However, as the defendants correctly note, not yet having had the chance to conduct discovery has no bearing on the sufficiency of the plaintiff's pleadings. Because Townsend has failed to meet his burden to plead a plausible claim, the defendants' motion will be granted regarding Count II.

## C.

Townsend has also asserted a separate claim for punitive damages. Punitive damages are damages "other than compensatory and nominal damages, awarded against a person to punish and to discourage him and others from similar conduct in the future." KRS § 411.184(1)(f). Under Kentucky law, "[a] plaintiff shall recover punitive damages only upon proving, by clear and convincing evidence, that the defendant from whom such damages are sought acted toward the plaintiff with oppression, fraud or malice." KRS § 411.184(2). However, punitive damages are not available for KCRA violations and this separate claim will be dismissed. *Kentucky Dep't of Corr. v. McCullough*, 123 S.W.3d 130, 140 (Ky. 2003) (recognizing that the statute setting civil remedies for violating the KCRA does not authorize punitive damages).

## IV.

Based on the foregoing analysis and discussion, it is hereby

**ORDERED** as follows:

1.    The defendants' motion to dismiss [Record No. 4] is **GRANTED** regarding Plaintiff Townsend's claims under Title VII against Dale Allen, Michael Townsend, and Michael Lockard, **GRANTED** regarding Plaintiff Townsend's claims for tortious interference

with business and relationships against all defendants, and **GRANTED** regarding Plaintiff Townsend's claims for punitive damages against all defendants.

   2.  The defendants' motion to dismiss [Record No. 4] is **DENIED** regarding Plaintiff Townsend's claims under Title VII against the Powell County Fiscal Court and **DENIED** regarding Plaintiff Townsend's claims under the Kentucky Civil Rights Act against all defendants.

   Dated: March 24, 2025.

Danny C. Reeves, District Judge
United States District Court
Eastern District of Kentucky