*Electronically Filed*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**LEXINGTON DIVISION**

| | | |
|---|---|---|
| MICHAEL TOWNSEND, | ) | |
| | ) | Civil Action No. 5:24-CV-00310-DCR |
| Plaintiff, | ) | |
| v. | ) | **JOINT MOTION TO WITHDRAW** |
| | ) | **DEFENDANTS' MOTION TO QUASH** |
| POWELL COUNTY FISCAL COURT, | ) | **[DE 29]** |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

---

The parties, by their respective counsel, respectfully request that Defendants be permitted leave to withdraw the previously filed Motion to Quash Plaintiff's subpoena to AT&T Wireless. [DE 29].

### INTRODUCTION

Defendants' allegations and associated procedural history associated with their Motion to Quash is more fully explained in the Motion. [DE 29 at p. 1-2]. For purposes of this Motion to Withdraw, the parties only state that the basis for Defendants' Motion to Quash was that Plaintiff's subpoena sought the actual content and transcripts of SMS/MMS text messages from a non-party, AT&T. [*See* DE 29 at p. 3 (citing 18 U.S.C. § 2702(a)(1)); DE 29-1 at p. 5)]. Defendants filed their Motion alleging that release of the contents of their text messages presented a substantive issue of federal law under the Stored Communications Act.[1] Defendants argued subpoena was also overly broad and could have prejudiced the Defendants by leading to the production and release of private or privileged information not relevant to this lawsuit, for which Defendant may have no adequate remedy.

However, the subpoena no longer presents a live dispute because the content of messages sought is not available from the carrier. Accordingly, the parties jointly request that the Court permit Defendants to withdraw their Motion to Quash.

---

[1] 18 U.S.C. §§ 2701–2713.

*Electronically Filed*

## STANDARD OF REVIEW

If the underlying matter giving right to a motion to quash is no longer in controversy, then the motion should be denied as moot. withdrawn *Pure Fishing, Inc. v. Shimano Am. Corp.*, No. CIV. A. 11-121-WOB, 2011 WL 2971778, at *1 (E.D. Ky. June 27, 2011), *report and recommendation adopted,* No. CIV. A. 2011-121 WOB, 2011 WL 3101783 (E.D. Ky. July 21, 2011). When a party seeks to withdraw a motion, factors such as timeliness, prejudice to nonmoving parties, and judicial economy are relevant to a court's analysis. *See*, *e.g.*, *Brandon v. Blech*, 560 F.3d 536, 538 (6th Cir. 2009) (discussing timing and prejudicial effect of withdrawal of counsel).

## ARGUMENT

The parties have learned that AT&T only retains text message content for approximately 48 hours in the ordinary course of its operations, and therefore the message bodies and attachments responsive to Plaintiff's subpoena cannot be produced by AT&T at this time.[2] The metadata or non-content records associated with any such messages are not at issue in the Motion to Quash or this withdrawal.

Given the present unavailability of the message content from AT&T, the parties respectfully request that the Court permit withdrawal of the Motion to Quash as moot. Because the underlying matter that prompted Defendants to file their Motion no longer exists, there is no underlying controversy. Thus, even if the Motion were granted, it would make no practical legal difference to the Defendants.

Moreover, the parties conferred via email on January 28 through 30, 2026, and after discovering that the contents of the messages are not available, they agree there is no need to proceed with further proceedings on the Motion to Quash. Withdrawal of this Motion will not impede Plaintiff's rights. Instead, it will preserve his resources by avoiding the necessity for a response and further

---

[2] "AT&T stores the content of text messages for 48 hours . . . . Anything outside 48 hours is purged and cannot be produced." Instructions for Requesting Customer Records at p.1 (attached as Exhibit 1)

*Electronically Filed*

proceedings regarding his subpoena. The parties make this request in good faith to conserve judicial and party resources.

WHEREFORE, Plaintiff and Defendants respectfully request that the Court enter the attached Proposed Order granting leave to withdraw Defendants' Motion to Quash [DE 29] as moot.

Respectfully submitted,

*/s/ Jonathan M. Gifford*
Derrick T. Wright (KBA #91627)
Jonathan M. Gifford (KBA #94514)
STURGILL, TURNER, BARKER & MOLONEY, PLLC
333 West Vine Street, Suite 1500
Lexington, Kentucky 40507
dwright@sturgillturner.com
jgifford@sturgillturner.com
*COUNSEL FOR DEFENDANTS*

*/s/ James O'Toole (signed with permission)*
James O'Toole
Natalie Williams
O'TOOLE & WILLIAMS LAW
3080 Harrodsburg Rd., Suite 101
Lexington, KY 40503
(859) 785-0051
jotoole@OWLawKy.com
*COUNSEL FOR PLAINTIFF*

## CERTIFICATE OF SERVICE

I hereby certify that on February 2, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Jonathan M. Gifford*
*COUNSEL FOR DEFENDANTS*