UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| MICHAEL TOWNSEND, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 24-310-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| POWELL COUNTY FISCAL COURT, | ) | **MEMORANDUM OPINION** |
| et al., | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*    \*\*\*    \*\*\*    \*\*\*

Defendants Powell County Fiscal Court, Edward Barnes, Dale Allen, and Michael Lockard have moved for summary judgment regarding Plaintiff Michael Townsend's claims against them for retaliation under Title VII of the Civil Rights Act of 1964 and the Kentucky Civil Rights Act ("KCRA"). [Record No. 37] They also move for dismissal under Rule 19 of the Federal Rules of Civil Procedure for failure to join necessary parties. Having reviewed the parties' submissions, the defendants' motion under Rule 56 will be granted.

**I.**

Townsend's part-time contract position as a School Resource Officer ("SRO") with the city of Stanton ended in August 2022. [Record No. 37-1 at 1] Rather than continue the part-time position, Stanton created two full-time SRO positions. [Record No. 9 at 2] But Townsend was not considered for either position. *Id.* One position was ultimately filled by a younger and less experienced deputy with the other remaining open on an as-needed basis. *Id.*

Townsend asked Powell County Sheriff Danny Rogers to join the Sheriff's Department after being denied an SRO position. [Record No. 37-1 at 1–2] Although Rogers did not need

- 1 -

a deputy, in March 2023, he agreed to hire Townsend on an as-needed basis because the two were friends. *Id.* at 2. Soon thereafter, Townsend filed a complaint with the EEOC against the city of Stanton, believing he was denied an SRO position because of his age and disability. [*See* Record No. 1 at ¶¶ 18–19.] He later filed his lawsuit against the city of Stanton on October 11, 2023. *Id.* at ¶ 19.

Townsend's Complaint alleges that, after he told Rogers about the lawsuit, he was removed from the schedule and no longer asked to work events. [Record No. 1 at ¶¶ 19, 25] And while still employed by the Sheriff's Department, he filed an EEOC charge against it in May 2024, believing that he was being "black balled" by the Department due to Defendants Barnes, Allen, and Lockard's concerted actions to retaliate against him for filing the lawsuit against the city of Stanton. *See id.* at ¶ 26.

However, discovery did not identify documents or witness testimony showing that the Powell County Fiscal Court or any individual defendant participated in or directed employment actions against Townsend. *See supra.* Likewise, discovery did not indicate that the individual defendants had knowledge of his protected activity at the time of the alleged retaliation. *Id.* What discovery did unearth is that the Powell County Sheriff's Department is independent from the Powell County Fiscal Court and that Sheriff Rogers exercised "sole authority" over Townsend's "scheduling, utilization, and termination decisions." [Record No. 27 at 2]

Recognizing his error in failing to name Rogers or the Department as defendants, Townsend sought leave to file an amended complaint *five days* before the time given for closed. [*See* Record No. 27 at 3.] Along with admitting that Rogers was the "sole authority" over Townsend's employment decisions, he conceded that "the perceived external influence [of the

individual defendants] was substantially less than originally understood." *Id.* at 2.  However, his motion to amend was denied because the deadline for adding parties expired over four months prior and because Townsend failed to tender the required affidavit.  [Record No. 36]

Mere days before the close of discovery, Townsend attempted to get cellular records for the individual defendants from the relevant period, hoping to prove his "hunch" that they were aware of his lawsuit.  [*See* Record No. 29.]  However, the cellular phone carrier could not produce the requested records because it only retained text message content and attachments for 48 hours.  [Record No. 34 at 2]

After the defendants moved for summary judgment on the retaliation claims that survived dismissal, Townsend tendered a motion for an extension to respond to the motion and for limited discovery.  [Record Nos. 9, 37, and 39] He admitted that he could not "presently present all facts essential to justify his opposition to Defendants' motion because relevant third-party telecommunications records have been subpoenaed but have not yet been produced." [Record No. 39 at 1]  This time, he represented that he subpoenaed call and text message *logs* from the cellular provider.  *Id.*  Townsend claimed that he needed those logs to challenge the individual defendants' deposition testimony that they did not discuss his filing of a lawsuit among themselves.  *Id.* at 2–4.  The motion to extend discovery was denied, but the Court provided a brief extension to respond to the motion for summary judgment.  [Record No. 40]

The day *after* Townsend's response was due, he moved for voluntary dismissal of his claims without prejudice under Rule 41(a)(2) of the Federal Rules of Civil Procedure.  [Record No. 41]  His counsel admitted that he "has not obtained certain evidence he believes is necessary to fully present the factual record", and that "based on the current record, he is unable

- 3 -

to fully present the evidentiary support he believes exists for his claims." *Id.* The undersigned denied that motion and submitted the defendants' motion for summary judgment for resolution without a response from Townsend. [Record No. 42]

**II.**

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In reviewing a motion for summary judgment, the Court must view all facts and draw all reasonable inferences in a light most favorable to the nonmoving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986). The Court may not weigh the evidence or make credibility determinations but must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986); *see also Moran v. Al Basit LLC*, 788 F.3d 201, 204 (6th Cir. 2015).

Standing alone, a plaintiff's failure to respond to a motion for summary judgment is not a sufficient reason to grant the motion. *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991). The movant's burden to demonstrate the "absence of a genuine issue as to a material fact" remains unchanged even when a non-movant does not respond. *Id.* at 454. Under the circumstances, the Court will not "comb the record from the partisan perspective of an advocate for the non-moving party." *Guarino v. Brookfield Twp. Trustees*, 980 F.2d 399, 410 (6th Cir. 1992). Instead, it "may rely on the moving party's unrebutted recitation of the evidence, or pertinent portions thereof, in reaching a conclusion that certain evidence and inferences from evidence demonstrate facts which are 'uncontroverted.'" *Id.* The Court also may rely on a litigant's judicial admissions made in pleadings as they are "binding on the party

making them." *See Ahghazali v. Sec'y of Health & Hum. Servs.*, 867 F.2d 921, 927 (6th Cir. 1989).

### III.

The defendants argue that summary judgment is warranted because Townsend's judicial admissions prevent his case from proceeding. They note that he admitted: (1) Powell County Fiscal Court is not a proper defendant for his Title VII and KCRA retaliation claims because it lacked authority over his employment decisions and (2) he overstated the individual defendants' involvement with the Sheriff Rogers employment decisions. [Record No. 37-1 at 3–4]

It is undisputed that the Powell County Fiscal Court had no control over Rogers' scheduling, assignment, or termination of Townsend. As the defendants argue, Powell County Fiscal Court cannot then be liable under Title VII or the KCRA as it lacked control over any employment decision. [Record No. 37-1 (citing *Ivey v. McCreary Cnty. Fiscal Ct.*, 939 F. Supp. 2d 762, 768 (E.D. Ky. 2013) (holding that county fiscal court is a separate, suable entity from other county entities for purposes of Title VII and KCRA).]

For Defendants Barnes, Allen, and Lockard (sued in their individual capacity), Townsend's retaliation under the KCRA claim was the only one that survived their motion to dismiss. [Record Nos. 1 and 9 at 13] To demonstrate a prima facie case of retaliation under the KCRA, Townsend must offer evidence that: (1) he engaged in a protected activity; (2) that the defendant was aware of this activity; (3) "thereafter, the defendant took an employment action adverse to" him; and (4) "there was a causal connection between the protected activity and the adverse employment action." *Walker v. Commonwealth*, 503 S.W.3d 165, 177 (Ky. Ct. App. 2016) (citations omitted).

The parties agree that Townsend's filing of his lawsuit against the city of Stanton was a protected activity. As for the second element, Townsend appeared to acknowledge that he lacked evidence to support it when he moved to extend discovery to obtain cellular records, explaining that the defendants denied communications between themselves concerning the Stanton lawsuit. [Record No. 39 at 2–4] And again, he concedes in his motion for dismissal without prejudice that he "has not obtained certain evidence he believes is necessary to fully present the factual record" and that "based on the current record, he is unable to fully present the evidentiary support he believes exists for his claims." [Record No. 41] But as the defendants argue, it is Townsend's burden to produce evidence that they knew about his protected activity, and he has failed to produce such evidence. [Record No. 37-1 at 9 (citing *Scott v. Eastman Chem. Co.*, 275 F. App'x 466, 482 (6th Cir. 2008).]

The third element (i.e., that the defendant took an employment action adverse to the plaintiff) fares no better for Townsend. He admitted in his motion to amend the complaint that Rogers was the "sole authority" over employment decisions. [Record No. 27 at 2] Likewise, the individual defendants testified that they had no "authority over the Department's staffing, scheduling, training, or termination decisions." [Record No. 37-1 at 10 (citing the defendants' deposition testimony).]

Without establishing *when* the defendants learned of Townsend's protected activity, the Court lacks sufficient facts to analyze causation. In short, Townsend woefully fails to make out a prima facie case of retaliation against the individual defendants and summary judgment is warranted.[1]

---

[1]    Finding dismissal appropriate under Rule 56, the Court concludes that it is unnecessary to address dismissal under Rule 19.

**IV.**

Based on the foregoing discussion and analysis, it is hereby

**ORDERED** that Defendants Powell County Fiscal Court, Edward Barnes, Dale Allen, and Michael Lockard's motion for summary judgment [Record No. 37] is **GRANTED**.

Dated: April 6, 2026.

Danny C. Reeves, District Judge
United States District Court
Eastern District of Kentucky